**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATEUS MADUKU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Civil A. No. 3:26-889 |
| LEONARD ODDO, *et al.*, | ) Judge Nora Barry Fischer |
| | ) |
| Respondents. | ) |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Petitioner Mateus Maduku's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus ("Petition"), (Docket No. 5) and the Response to the Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 10). Any reply by Petitioner was due by June 26, 2026, but the Court has not received a Reply as of the date of this Memorandum Order. (*See* Docket No. 7). After careful consideration of the parties' positions, the Court will deny the Petition, without prejudice.

Petitioner is a native and citizen of Angola who "illegally entered the United States at an unknown place and time." (Docket Nos. 10 at 1; 10-1 at 1). On November 6, 2025, an immigration judge ordered Petitioner removed to Angola (Docket No. 10-3 at 1-4), and Petitioner appealed this removal order to the Board of Immigration Appeals ("BIA") on an unknown date. (Docket No. 10 at 2). Later, Petitioner filed a motion to withdraw his appeal, which was granted by the BIA on February 19, 2026. (Docket Nos. 5 at 2; 10 at 2). There are no other pending motions before the BIA regarding this case. (Docket No. 10-4 at 2).

Since August 24, 2024, Petitioner has been detained in various detention facilities around the country. (Docket No. 5 at 6). Currently, Petitioner is detained at Moshannon Valley Processing

Center in Philipsburg, Pennsylvania, and he was at this center at the time of filing the Petition. (*Id.* at 1).

Petitioner claims that his detention since August 24, 2024, "has become unconstitutionally prolonged and violates the [F]ifth [A]mendment of the [C]onstitution[.]" (*Id.* at 6). In particular, he alleges that he is "being detained with no foreseeable future[,]" that "the government has made no effort to remove [him]" since September 2025,[1] and that "[t]here is no foreseeable future to when the Government will issue a travel document." (*Id.*). He also states that his "[m]andatory detention has become unreasonable and has been no different from criminal punishment." (*Id.*).

As for relief, Petitioner requests that the Court "order [his] immediate release from detention, or in the alternative, order that the Immigration Judge must consider alternatives to detention such as an ankle monitor or parole[,]" or otherwise "grant such further relief as the courts deems just and proper." (*Id.* at 7).

Respondents counter that Petitioner is lawfully "detained pursuant to 8 U.S.C. § 1231 and has been subject to a final order of removal since February 19, 2026, when the [BIA] granted his motion to withdraw his appeal of his removal order."[2] (Docket No. 10 at 1). They further contend that "the duration of Petitioner's detention pursuant to § 1231 remains presumptively reasonable" under *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) and insist that "ICE must comply with Post

---

[1]    Although Petitioner states that his final hearing occurred on September 22, 2025, the Court notes that the immigration judge's oral decision and written order were entered on November 6, 2025. (*See* Docket 10-3 at 1, 4).

[2]    The Court notes that Petitioner does not contest the date on which his removal order became final. (*See* Docket No. 5 at 4-6); *c.f. O.A.S. v. Oddo*, No. CV 25-316J, 2025 WL 3539058, at *1 (W.D. Pa. Dec. 10, 2025) (detailing the dispute between the parties as to the final removal date). As such, the Court will treat the removal order as final on February 19, 2026, when the BIA granted Petitioner's motion to withdraw his appeal. *See, e.g., Koboi v. Lowe*, No. 3:24-CV-12, 2024 WL 310211, at *2 (M.D. Pa. Jan. 26, 2024) (finding that the removal period commenced when the BIA granted a petitioner's motion to withdraw his appeal).

Order Custody Review regulations that courts have found satisfy Due Process concerns." (*Id.* at 2, 5).

In *Zadvydas,* the Supreme Court established that a 6-month period of post-removal order detention was presumptively reasonable. *Zadvydas*, 533 U.S. at 701. It is only "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*; *see also Saleem v. Att'y Gen. of the United States*, No. 3:25-CV 00227, 2026 WL 628252, at *5 (W.D. Pa. Mar. 6, 2026) ("As the Supreme Court found, a post-removal order detention period of six months was 'presumptively reasonable[;]' however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized."). Yet the Supreme Court clarified that "this 6–month presumption, of course, does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, the Court agrees with Respondents that Petitioner's detention remains presumptively reasonable under *Zadvydas* because Petitioner has been detained for less than six months after his removal order became final on February 19, 2026. *See Hendricks v. Reno*, 221 F. App'x 131, 133 (3d Cir 2007) (holding that the *Zadvydas* six-month period was calculated independently from the length of a petitioner's pre-removal detention); *see also Talebinejad v. Otto*, No. 3:25-cv-329, 2026 WL 21537 (W.D. Pa. Jan. 5, 2026) ("[T]his Court declines to adopt the approach taken by other District Courts that would permit *Zadvydas* claims to be raised prior to the expiration of six months

of post-removal detention as that position seemingly nullifies the six-month presumption adopted by the Supreme Court.").

Further, any claim regarding Petitioner's pre-removal detention became moot upon his order of removal becoming administratively final. *See Rodney v. Mukasey*, 340 Fed. App'x 761, 763-64 (3d Cir. 2009) (holding that, under Article III of the Constitution, a petitioner cannot challenge the lawfulness of his pre-removal detention once he is no longer detained pre-removal).

For all of these reasons,

IT IS HEREBY ORDERED that the Petition (Docket No. 5) is DENIED, without prejudice. An appropriate Judgment follows.


BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

Dated: July 20, 2026


cc/ecf: All counsel of record.

cc:     MADUKU MATEUS
        A# 221-159-583
        Moshannon Valley Processing Center
        555 Geo Drive
        Philipsburg, PA 16866
        (via first class mail)